IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

SOUTHERN MARYLAND EQUINE
VETERINARY SERVICE, INC., *et al.*,
    Plaintiffs,

v.

HARTFORD CASUALTY INSURANCE
COMPANY,
    Defendant.

Civil Action No. 8:10-cv-01850-AW

**Memorandum Opinion**

Plaintiffs initially brought an action in the Circuit Court for Prince George's County for breach of contract and declaratory judgment regarding Defendant's denial of indemnity. Defendant removed the action to this Court and filed a motion for summary judgment. *See* Doc. No. 22. Plaintiffs subsequently filed a cross motion for summary judgment. *See* Doc. No. 26. Plaintiffs also filed a motion to strike supplemental correspondence submitted by Defendant in connection with the summary-judgment motions. *See* Doc. No. 32. The Court has reviewed the motion papers submitted by the Parties and finds that no hearing is necessary. *See* Md. Loc. R. 105(6) (D. Md. 2010). The Court will deny Plaintiffs' motion to strike[1] and, for the reasons that follow, the Court will grant Defendant's motion for summary judgment and deny Plaintiffs' cross motion.

---

[1] The subject of Plaintiffs' motion to strike is supplemental correspondence submitted by Defendant apprising the Court of a California case addressing similar contract-interpretation issues as those presented in this case. However, the Court has not relied upon that case in any fashion, as the contract itself (and the Maryland case law that guides the interpretation of that contract) is unambiguous. Accordingly, the supplemental correspondence, and the motion to strike that correspondence, are a moot point.

Summary judgment is only appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Nevertheless, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

When construing insurance policies, Maryland courts apply general principles of contract interpretation. *Moscarillo v. Prof'l Risk Mgmt. Servs., Inc.*, 921 A.2d 245, 251 (Md. 2007). In addition, Maryland construes exclusion clauses and coverage clauses in the same manner. *See N. Assurance Co. v. EPD Floors*, 533 A.2d 682, 687 (Md. 1987). To determine the parties' intent, the Court will construe an insurance contract as a whole and "examine the character of the contract, its purpose, and the facts and circumstances of the parties at the time of the execution." *Moscarillo*, 921 A.2d at 251 (citations omitted). The Court begins its inquiry by looking at the language of the policy and giving its words their "'customary, ordinary, and accepted meaning.'" *Cole v. State Farm Mut. Ins. Co.*, 753 A.2d 533, 537 (Md. 2000) (quoting *Mitchell v. Md. Cas. Co.*, 595 A.2d 469, 475 (Md. 1991)). When the policy's language is unambiguous, the Court will determine the meaning of the terms as a matter of law. *See id*. Finally, the Court will construe the policy to give effect to "each clause or phrase so that [it] does not cast out or

disregard a meaningful part of the writing." *Bausch & Lomb Inc. v. Utica Mut. Ins. Co.*, 625 A.2d 1021, 1033 (Md. 1993).

Plaintiffs claim Defendant breached the business insurance policy it issued to plaintiff Southern Maryland Equine Veterinary Services, Inc. ("SMEVS") by denying coverage for an automobile accident involving one of SMEVS' employees. To resolve this dispute, the Court must construe the language of the policy. The policy's Business Liability Coverage Form details the items it covers, which include business liability (bodily injury, property damage, personal and advertising injury), medical expenses, professional services, incidental malpractice, and supplementary payments (section A). *See* Doc. No. 22, Ex. C at 56-57. The form also identifies exclusions, or injuries and damages that the policy does not cover (section B). *See id.* at 60. Section B.1.g. excludes from coverage "'[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." *Id.* at 62. The Court finds that this language unambiguously excludes injury to persons or property arising out of the use of automobiles such as the sport utility vehicle involved in the underlying accident.[2]

The Court also finds that Plaintiffs' reliance on the policy's provision regarding excess insurance, section E.7, "Other Insurance – Primary Additional Insured," is erroneous. *Id.* at 70. This provision does not apply, as the unambiguous language in the section's introductory statements makes clear. First, the provision only provides excess insurance "for a loss [Defendant] cover[s] under this Business Liability Coverage Form." *Id.* at 70. As noted above,

---

[2] The Court is not persuaded by Plaintiffs' suggestion that the auto exclusion does not apply because the vehicle is "a traveling veterinary clinic." Doc. No. 26 at 13. Such a characterization cannot transform the vehicle from an "auto" into something other than an "auto."

3

the Business Liability Coverage Form clearly does not cover losses arising out of the use of an auto. *See id.* at 62. Therefore, the "other insurance" clause does not apply.[3]

Second, the provision only applies when a "written contract or agreement or permit requires this insurance to be primary for any person or organization with whom [SMEVS] agree[s] to include in WHO IS AN INSURED." *Id.* at 70. Section C, "Who is an Insured," provides the following examples of additional insureds by contract, agreement or permit: engineers, architects, lessors of leased equipment, owners from whom land has been leased, and managers or lessors of premises. *Id.* at 66-67. Coverage of these additional insureds, which is found in subsection f., is distinct from coverage of employees, which is found in subsection a. *See id.* at 66. Employees are automatically insured if certain criteria are met. *See id.* The SMEVS employee involved in this case was automatically insured because she was "acting within the scope of [her] employment" at the time of the accident, and the "bodily injury" and "property damage" exclusions do not apply. *Id.* Since SMEVS' employee is not an additional insured by contract, agreement or permit, this provision is not applicable. Rather, the applicable provision is found in section I. of the Common Policy Conditions, which does not provide excess insurance for auto-related losses subject to Exclusion g. of the Business Liability Coverage Form. *See id.* at 25.

In light of the policy provision's unambiguous introductory language, the Court finds that Plaintiffs are not entitled to excess coverage under section E.7. of the Business Liability

---

[3] Plaintiffs contend that Exclusion g. does not apply to section E.7—or, at least, that it is ambiguous whether Exclusion g. applies—because of language in subsection E.7.b.(1)(d). That subsection provides excess insurance for losses arising out of the use of autos "to the extent not subject to Exclusion g. of Section A. – Coverages." Because there is no Exclusion g. in section A (only in section B - Exclusions), Plaintiffs argue that the auto exclusion in section B does not extend to claims for coverage under section E.7. However, even if the Court did agree with Plaintiffs that the typographical error creates ambiguity and should not be corrected—a matter that need not be decided at this time—, Plaintiffs' position would still fail because elsewhere section E.7 makes clear that excess insurance only extends to losses that are covered under the Business Liability Coverage Form. *See id.* at 70. For the reasons stated above, there is no such coverage due to Exclusion g.

Coverage Form for losses arising out of the use of an auto. Therefore, Defendant did not breach the policy by denying such coverage, and Defendant's motion for summary judgment should be granted.[4] A separate order will follow.

   June 3, 2011                                                    /s/
        Date                                                      Alexander Williams, Jr.
                                                                 United States District Judge

---

[4] Defendant also argues that Plaintiffs do not have a claim against it because SMEVS was released in a prior settlement from any further claims for damages resulting from the accident. The Court finds it unnecessary to address this claim because the Court agrees that Defendant is not liable based on other grounds.